IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| DAPHNE HEREFORD, and § <br> RIN TIN INCORPORATED, § <br> § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> KATHY CARLTON, § <br> TERRY "T.C." CARLTON § <br> CAROL RIGGINS and § <br> CHELSEA RIGGINS, § <br> § <br> *Defendants.* § | CIVIL ACTION NO. _____ <br><br> JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Daphne Hereford and Rin Tin Incorporated ("Plaintiffs"), by and through their undersigned counsel, file this complaint against Defendants Kathy Carlton, Terry "T.C." Carlton, Carol Riggins, and Chelsea Riggins, and allege as follows:

### NATURE OF SUIT

1. This is a civil action for breach of contract, breach of fiduciary duty, trademark infringement and unfair competition under state common law, and trademark dilution under state statutory law seeking monetary damages, specific performance, and permanent injunctive relief. These claims arise out of Defendants' unauthorized possession and/or use of certain Rin Tin Tin line dogs in violation of contracts with Plaintiffs and Plaintiffs' intellectual property rights, and violation of duties owed to Plaintiffs.

## PARTIES

2. Daphne Hereford ("Hereford") is an individual resident of the State of Texas, having an address in Crockett, Texas.

3. Rin Tin Incorporated is a Texas corporation organized under the laws of the States of Texas with its principal place of business at 500 N. 7th Street, Crockett, TX 75835.

4. Kathy Carlton is an individual residing in the state of Arkansas and may be served with process at her residence 14210 Cottontail Lane, Alexander, Arkansas 77220, or wherever she may be found.

5. T.C. Carlton is an individual residing in the state of Arkansas and may be served with process at his residence 14210 Cottontail Lane, Alexander, Arkansas 77220, or wherever he may be found.

6. Carol Riggins is an individual residing in the State of California and may be served with process at her residence 16241 Raven Glen Road, Canyon Country, California 91387, or wherever she may be found.

7. Chelsea Riggins is an individual residing in the State of California and may be served with process at her residence 16241 Raven Glen Road, Canyon Country, California 91387, or wherever she may be found.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332(a) because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendants as Defendants have regularly conducted, and continue to conduct, business in the State of Texas, have purposefully

availed themselves of the laws of the State of Texas, and because the causes of action asserted herein arise out of Defendants' specific contacts with, and conduct in, the State of Texas. Defendants have substantial contacts with the State of Texas and it would not offend notions of due process, fair play, and substantial justice for Defendants to be brought before this Court. Defendants contracted with Texas citizens and traveled to Texas specifically related to the subject matter of this lawsuit.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the causes of action asserted herein occurred in this district.

### FACTUAL BACKGROUND

11. Rin Tin Tin is the name of a real dog that lived from 1918 to 1932. He and his life story became famous throughout the United States following World War I and he made personal appearances and starred in movies and televisions shows.

12. During Rin Tin Tin's life, Rin Tin Tin's owner, Lee Duncan, began a German Shepherd Dog breeding program based on Rin Tin Tin. Lee Duncan trained and showed Rin Tin Tin II, Rin Tin Tin III, and Rin Tin Tin IV from this line, and Rin Tin Tin II and Rin Tin Tin IV starred in a 1950's television show.

13. In 1957, Rin Tin Tin's owner, Lee Duncan, provided a puppy from Rin Tin Tin IV to Jannettia Brodsgaard, Plaintiff Daphne Hereford's grandmother, in Houston, Texas, and he endorsed her breeding program of German Shepherd Dogs to carry on the bloodline of Rin Tin Tin for future generations.

14. Plaintiff Daphne Hereford helped her grandmother Jannettia Brodsgaard with the breeding program of the Rin Tin Tin line of German Shepherd Dogs, including among other

things, showing Rin Tin Tin V. Plaintiff Daphne Hereford assumed complete responsibility for the Rin Tin Tin Line Dog breeding and training program when her grandmother died in 1988.

15. Plaintiff Daphne Hereford has vigorously and consistently pursued the Rin Tin Tin Line Dog breeding program to the present day. She has shown and owned Rin Tin Tin VI, Rin Tin Tin VII, Rin Tin Tin VIII, Rin Tin Tin IX, and Rin Tin Tin X, as well as many other German Shepherd dogs that she has bred from the Rin Tin Tin bloodline ("Rin Tin Tin Line Dogs").

16. Plaintiff Daphne Hereford acquired the trademark rights with respect to the breeding, raising, training and selling of dogs from the Rin Tin Tin bloodline from Herbert B. Leonard, Producer of the famous television series, The Adventures of Rin Tin Tin, in 1998.

17. Plaintiff Daphne Hereford has actively promoted Rin Tin Tin, Line Dogs herself as an individual, and through Plaintiff Corporation, Rin Tin Incorporated, which Plaintiff Daphne Hereford is the majority stockholder and serves as Chairman of the Board.

18. Plaintiffs have actively promoted Rin Tin Tin Line Dogs and descendants by and through creating and maintaining a Rin Tin Tin museum, an internet website, www.hollywoodogs.com, www.rin-tin-tin.com, public appearances and exhibitions by Rin Tin Tin Line Dogs, services providing materials promoting the breeding, training, raising, and showing of dogs of authentic Rin Tin Tin IV descent and lineage.

19. Plaintiff Daphne Hereford is the owner of two copyrights duly registered with the Library of Congress directly related to the Rin Tin Tin Line Dogs (Descendants), #Tx 7-793-988 for RIN TIN TIN – The Lineage And Legacy, ISBN# 9781-468114980, completed in 2011 and for RIN TIN TIN'S LEGACY #Tx 4-092-249 completed in 1998.

20. In connection with these and other promotions of Rin Tin Tin Line Dogs by Plaintiffs, Plaintiffs have used and continue to use the common law trademark and tradename in association with the breeding, raising, training and selling of German Shepherd Dogs related to Rin Tin Tin IV and Rin Tin Tin II, dogs owned by Lee Duncan.

21. Because of the efforts of Plaintiffs, the Rin Tin Tin Line Dogs descended from Rin Tin Tin IV (the only known authentic bloodline Rin Tin Tin dogs) continue to be famous and have fans to this day.

22. In the past, only Plaintiff Daphne Hereford had bred Rin Tin Tin Line Dogs, but in recent years her health had significantly declined and she began to allow others to breed and train the dogs under her direction and control, and consistent with the closed line breeding and training program and policies of Rin Tin Incorporated, and specifically written contracts.

23. Each dog born into the Rin Tin Tin Line Dog breeding and training program is highly valuable. Based upon historical average income from puppies, stud services, and appearances, individual Rin Tin Tin Line Dogs can exceed a value of $50,000.00.

24. Defendants Kathy Carlton and T.C. Carlton became involved with the Plaintiffs' Rin Tin Tin breeding and training program in or around 2008. From 2008 until 2014, the Carltons helped breed four litters of German Shepherd Dog puppies for the Rin Tin Tin Line Dog breeding program under Plaintiff Daphne Hereford's guidance and direction.

25. Defendants Carol Riggins and her daughter Chelsea Riggins expressed interest in becoming involved with the Rin Tin Tin Line Dog breeding and training program in or around late-2013. Plaintiff Daphne Hereford had been familiar with the Riggins for several years through their association with the training program for Lassie. In January 2014, at Daphne Hereford's expense, Carol Riggins flew from California to Houston, Texas to pick up a Rin Tin

Tin Line Dog for breeding in accordance with criteria of the breeding and training program and policies of Rin Tin Incorporated.

26. In late-May 2014, as part of a good faith effort to mentor Defendants to eventually assume the role of breeding and training Rin Tin Tin Line Dogs due to her declining health, Plaintiff Daphne Hereford executed the American Kennel Club ("AKC") registration certificates for several Rin Tin Tin Line Dogs in the name of Defendants Kathy Carlton and/or T.C. Carlton representing Defendants as "co-owners." Defendants, each of them, were aware that the execution of the AKC certificates was never intended to transfer any ownership of the dogs nor affect the ownership rights reflected in existing contracts and by the policies of Rin Tin Incorporated.

27. In or around June 2014, additionally as part of Plaintiff Daphne Hereford's efforts to share the responsibility of maintaining the Rin Tin Tin Line Dog breeding and training program due to her declining health, she agreed to appoint Defendants Kathy Carlton, T.C. Carlton, Carol Riggins, and Chelsea Riggins as officers of Rin Tin Incorporated. Defendant Kathy Carlton submitted the corporate amendment paperwork and fees to the Texas Secretary of State on or about June 16, 2014.

28. Only a few months later, a financial dispute arose between the new officers and the majority shareholder, Miss Hereford, which resulted in small claims court litigation and, upon information and belief, an apparent attempt by Defendant Kathy Carlton to, in her words, "terminate" Rin Tin Incorporated. Upon information and belief, some or all Defendants also attempted to restructure the Rin Tin Tin Line Dog breeding and training program in a manner that would be detrimental to the famous lineage, and attempted to take over the corporation's social media accounts. As the majority shareholder, Miss Hereford took corporate action to

remove Defendants Kathy Carlton, T.C. Carlton, Carol Riggins, and Chelsea Riggins as officers of Rin Tin Incorporated in October 2014.

**DEFENDANTS' UNAUTHORIZED USE OF RIN TIN TIN LINE DOGS**

29.     Upon information and belief, Defendants are currently in possession of or are guardian for the following Rin Tin Tin Line Dogs:

- RIN TIN TINS DENALI, AKC# DN22880203 (Male)
- RIN TIN TINS CARAMELLO, AKC# DN30775702 (Female)
- RIN TIN TINS SNOOPY, AKC# DN27384301 (Male)
- RIN TIN TINS GODIVA, AKC# DN39307501 (Female)
- RIN TIN TINS CLARK, AKC# DN30775701 (Male)
- RIN TIN TINS QUANAH, AKC# DN34496702 (Male)
- RIN TIN TINS BABY RUTH, AKC# DN30775703 (Female)

The Defendants were and continue to be well aware of Plaintiffs' policies regarding its closed line breeding and training program and the intellectual property rights associated with the Rin Tin Tin IV bloodline and descendants.  The Defendants also entered into specifically-written contracts with Plaintiffs (in Miss Hereford's individual capacity and as a representative for Rin Tin Incorporated) whereby Defendants were allowed to take possession of Rin Tin Tin Line Dogs in exchange for adhering to written guidelines and procedures governing care, training, and breeding.  The contracts specifically provided that Miss Hereford and/or Rin Tin Incorporated have the right to repossess the dog at any time upon any breach of the contract or by a majority vote of the board of directors of Rin Tin Incorporated.  The contracts prohibited (1) breeding; and (2) use of the dogs in any commercial promotion or advertising without prior written

approval from Miss Hereford and/or Rin Tin Incorporated. *See* Exhibits A, B, C, D, E, and F, which are hereby incorporated by reference.

30. Upon information and belief, in direct contravention to the Rin Tin Tin Line Dog closed line breeding and training program, and the Contracts, the Defendants and/or persons acting or purporting to act on their behalf are attempting to breed RIN TIN TINS DENALI, RIN TIN TINS CARAMELLO, RIN TIN TINS SNOOPY, RIN TIN TINS GODIVA, RIN TIN TINS QUANAH, and/or RIN TIN TINS BABY RUTH without consultation or authorization from Miss Hereford or Rin Tin Incorporated.

31. Further, Defendant Chelsea Riggins has failed to provide timely written monthly status reports for RIN TIN TINS CLARK, in direct contravention of the applicable written contract. *See* Exhibit D, Section 3.F.

32. Still further, Defendants Chelsea Riggins and Carol Riggins have used RIN TIN TINS CLARK in commercial promotion and/or advertising without prior written consent from Miss Hereford and/or Rin Tin Incorporated in direct contravention of the applicable written contract. *See* Exhibit D, Section 3.C.  The unauthorized commercial promotion includes, but is not limited to, advertisements using the Rin Tin Tin tradename and images of RIN TIN TINS CLARK on Defendants' website www.reel-dog.com and elsewhere.

33. Plaintiffs notified Defendants of the allegations forming the basis of this complaint by letter and email correspondence dated January 22, 2015 (see Exhibit G, which is hereby incorporated by reference) and January 23, 2015 (see Exhibit H, which is hereby incorporated by reference).

## COUNT I – Breach of Contract

34. Plaintiffs respectfully incorporate herein all of the allegations set forth in paragraphs 1 thru 33 above.

35. The Breeding Contracts and agreements by and between Plaintiffs and Defendants (Exhibits A, B, C, D, E, and F) are viable and enforceable contracts. Plaintiffs have performed all of their obligations under the Contracts. By their actions described herein, Defendants have breached their Contracts with Plaintiffs.

36. As a result of the past and continuing breaches of the Contracts, Plaintiffs have been damaged, and will continue to be damaged.

37. Pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code and/or provisions of the Contracts themselves, Plaintiffs are entitled to recover a reasonable amount for attorneys' fees to prosecute this action.

## COUNT II – Breach of Fiduciary Duty

38. Plaintiffs respectfully incorporate herein all of the allegations set forth in paragraphs 1 thru 37 above.

39. As officers and directors of Rin Tin Incorporated, and through their involvement with Rin Tin Incorporated, Defendants owed special and fiduciary duties to the Corporation. Such duties included, but were not limited to, duties of obedience, loyalty, and care. By their actions described herein, Defendants have breached fiduciary duties owed to Rin Tin Incorporated.

40. Defendants' actions described herein have proximately caused Plaintiffs to suffer actual and consequential damages.

## **COUNT III – Common Law Trademark Infringement and Unfair Competition**

41. Plaintiffs respectfully incorporate herein all of the allegations set forth in paragraphs 1 thru 40 above.

42. Defendants' continued use of Plaintiffs' Rin Tin Tin trademarks and tradename is causing, and will continue to cause, confusion or likelihood of confusion by the public and/or misunderstanding by consumers regarding the relationship of Plaintiffs to products and/or information provided by Defendants.  Defendants' use of Plaintiffs' trademarks misleads the public into believing that Defendants are affiliated, sponsored, or endorsed by, or otherwise connected with, Plaintiffs.  Defendants' continued conduct as set forth herein constitutes trademark infringement and unfair competition under Texas law in that Defendant has used, and is using Plaintiffs' trademarks and tradename in derogation of Plaintiffs' common law rights in the marks.

43. As a result of Defendants' actions, Plaintiffs have lost and will lose in the future marketing opportunities and sales in an unknown amount, due to potential business being diverted to Defendants.  Plaintiffs will be further injured by the fact that they have no control over the type or quality of the information being provided by Defendants or of their other advertising or promotional activities.

44. Defendants' use of Plaintiffs' intellectual property rights injures the reputation and goodwill of Plaintiffs and causes other injury to Plaintiffs.  Unless enjoined by this Court, Plaintiffs will continue to suffer irreparable injury for which there is no remedy at law.

45. Defendants' acts of trademark infringement and unfair competition are willful, entitling Plaintiffs to punitive damages in addition to compensatory damages, attorneys' fees and costs.

## COUNT IV – Trademark Dilution, Tex. Bus. & Com. Code § 16.29

46. Plaintiffs respectfully incorporate herein all of the allegations set forth in paragraphs 1 thru 45 above.

47. Defendants' intentional and willful unauthorized acts described herein have caused damage to Plaintiffs by tarnishing Plaintiffs' valuable reputation and diluting and blurring the distinctiveness of Plaintiffs' Rin Tin Tin marks and tradename in violation of Texas Business & Commerce Code Section 16.29, and will continue to tarnish and destroy the value of Plaintiffs' Rin Tin Tin marks and tradename unless enjoined by this Court.

48. Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

## COUNT V – Conversion

49. Plaintiffs respectfully incorporate herein all of the allegations set forth in paragraphs 1 thru 48 above.

50. Pursuant to the relevant Contracts (Exhibits A, B, C, D, E, and F), Defendants took possession of or became guardian for certain Rin Tin Tin Line Dogs (although Plaintiffs specifically retained ownership pursuant to the terms of the Contracts). After Defendants' failure to comply with the Contracts and/or specific breach of the Contracts, Plaintiffs attempted to exercise their contractual rights by demanding the return of Rin Tin Tin Line Dogs in Defendants' possession and/or control.

51. Despite Plaintiffs' demands, Defendants have refused to return the Rin Tin Tin Line Dogs in their possession and/or control, which has damaged Plaintiffs.

52. Plaintiffs have the lawful right of possession of RIN TIN TINS DENALI, RIN TIN TINS CARAMELLO, RIN TIN TINS SNOOPY, RIN TIN TINS GODIVA, RIN TIN TINS CLARK, RIN TIN TINS QUANAH, and/or RIN TIN TINS BABY RUTH, and seek the return of the Rin Tin Tin Line Dogs in Defendants' possession and/or control, as well as damages for the loss of use from the date of the conversion until judgment.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury of any and all issues properly triable to a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment and requests that the Court find in their favor and against Defendants, and that the Court grant Plaintiffs the following relief:

a. Judgment for Plaintiffs awarding damages and any other monetary relief to which Plaintiffs are entitled under the law as a result of Defendants' actions recited herein or other actionable conduct;

b. Judgment for specific performance of the Contracts at issue between Plaintiffs and Defendants, including as applicable, an award for possession of the Rin Tin Tin Line Dogs at issue in favor of Plaintiffs;

c. A permanent injunction enjoining Defendants from breeding and/or using Rin Tin Tin Line Dogs in commercial promotion or advertising;

d. Judgment that Plaintiffs be awarded reasonable attorneys' fees for this action;

e. Pre-judgment and post-judgment interest on the damages caused by Defendants' actions complained of herein or otherwise;

  f.  All costs of suit; and,

  g.  Such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  February 12, 2015    Respectfully submitted,

            By: */s/ Daniel A. Noteware, Jr.*
              Daniel A. Noteware, Jr.
              State Bar No. 24051123
              POTTER MINTON
              A Professional Corporation
              110 N. College, Suite 500
              Tyler, Texas  75702
              (903) 597-8311
              (903) 593-0846 (Facsimile)
              dannynoteware@potterminton.com

            **ATTORNEYS FOR PLAINTIFFS DAPHNE HEREFORD and RIN TIN INCORPORATED**