

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **DAPHNE HEREFORD,** *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 9:15-CV-26** |
| | § | |
| **KATHY CARLTON,** *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER STAYING CASE PURSUANT TO BANKRUPTCY**

In accordance with 28 U.S.C. § 636(c) and the Local Rules for the United States District Court for the Eastern District of Texas, the above-captioned civil action is assigned to the undersigned United States Magistrate Judge for disposition of all matters and trial by consent of the parties. *See Order of Reference* (doc. #27). On August 24, 2016, the Court received notice of counter-defendant Daphne Hereford's voluntary petition in bankruptcy filed in the United States Bankruptcy Court for the Eastern District of Texas, Lufkin Division. *See Suggestion of Bankruptcy and Attached Petition* (doc. #81).

Pursuant to Section 362 of the Bankruptcy Code, 11 U.S.C. § 362(a)(1), and due to Ms. Hereford's filing of bankruptcy, the Court must automatically stay the claims asserted against Hereford. *See In re Yukos Oil*, 321 B.R. 396, 406 (Bankr. S.D. Tex. 2005) (citing *Celotex Corp. v.*

*Edwards*, 514 U.S. 300, 131 L. Ed. 2d 403, 115 S. Ct. 1493, 1499)(1995)("Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate.")

An automatic stay under Section 362 typically does not apply to actions against a non-debtor. *See Nat'l Oilwell Varco, L.P. v. Mud King Prod., Inc*., No. CIV. 4:12-3120, 2013 WL 1948766, at *2 (S.D. Tex. May 9, 2013)(citing In *re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir.2007); *Beran v. World Telemetry, Inc.,* 747 F. Supp.2d 719, 722 (S.D. Tex. 2010)).  However, a Section 362 stay may apply to an action against non-debtor defendants under limited circumstances regarding the non-debtors' relationship to the debtor.  *Id.*  Citing  *Reliant Energy Servs., Inc. v. Enron Can. Corp*., 349 F.3d 816, 825 (5th Cir.2003).  For instance, a bankruptcy court may invoke Section 362 to stay proceedings against non-bankrupt co-defendants where "there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id*.  Quoting *Reliant Energy Servs.,* 349 F.3d at 816.  Moreover, the Section 362 stay should extend to non-bankrupt co-defendants only when there is a formal or contractual relationship between the debtor and non-debtors such that a judgment against one would in effect be a judgment against the other.  *Id*.  Quoting *Beran,* 747 F.Supp.2d at 723 and citing *Reliant Energy Servs.,* 349 F.3d at 825.

The Court finds that these factors apply to this case.  Although the Court has received notice that Ms. Hereford is the only counter-defendant to have  filed for bankruptcy, both Rin Tin Inc., and A Rinty for Kids Foundation, Inc. - the remaining co-counter-defendants - are listed on Ms. Hereford's bankruptcy petition under the section regarding her financial assets.  *See* Doc. #81-1, at p. 4.  It has been established in the course of this litigation that Ms. Hereford is the sole owner of Rin

Tin, Inc., and that she is the founder of A Rinty for Kids, a non-profit organization. Given that a judgment against those entities would, in effect, be a judgment against Hereford, the bankruptcy debtor, the Court is guided by the applicable case law in finding that the counter-plaintiffs' claims are subject to the automatic stay provisions of Section 362(a)(1) in their entirety.

The undersigned also notes that district courts may also exercise their discretion to stay a proceeding against non-bankrupt co-defendants "in the interests of justice and in control of their dockets." *Nat'l Oilwell Varco, L.P.* , at * 3 (quoting *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 545 (5th Cir.1983); *Beran,* 747 F.Supp.2d at 723). "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.' " *Id*. Quoting *Wedgeworth,* 706 F.2d at 545.  Under the circumstances of this case, and given the nature of Ms. Hereford's relationship and ownership in the non-debtor co-defendants, the Court finds it in the best interest of judicial economy to exercise the discretion afforded to the undersigned in issuing a stay of the entire litigation pending the bankruptcy.

The Court, therefore, **ORDERS** that this cause is **STAYED** and **ADMINISTRATIVELY CLOSED** pending further order of the Court; and

The Court further **ORDERS** that the counter-defendants are  instructed to file quarterly status reports in this case indicating the status of the bankruptcy, **beginning November 23, 2016.**  The Court further **ORDERS** that all pending motions are **TERMINATED** at this time for administrative and statistical purposes only.  The Court will reinstate them as pending as necessary at a later date should the counter-plaintiffs obtain leave from the Bankruptcy Court to proceed and/or after the bankruptcy process is completed.

3

All court settings and deadlines, including the final pretrial conference and jury trial currently set November 28, 2016, are also **TERMINATED** and **CANCELLED** at this time, pending further order of the Court.

It is so ordered.

**SIGNED this the 12th day of September, 2016.**


KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE